ANGELINE BARLOW, RESPONDENT, *v.* ALEXANDER McDONALD, APPELLANT.

*Action for injuries sustained by the acts of animals — when the contributory negligence of plaintiff prevents a recovery.*

This action was brought by the plaintiff to recover damages for the injuries sustained by her in consequence of having been butted and knocked down by a ram belonging to the defendant. It appeared that the defendant, who lived on a farm adjoining that of the plaintiff, usually kept the ram tied up; that he had loaned the ram at the request of the plaintiff's son, to run with the plaintiff's ewes upon her farm; that the ram had been running at large on the plaintiff's farm three or four weeks.

Upon the trial the court was asked to charge that if the plaintiff or her agents were guilty of negligence in the care of the ram, which contributed to the injury, the plaintiff could not recover.

*Held,* that it was error for the court to refuse so to charge. (*Miller* v. *McKesson,* 73 N. Y., 195; and *Lynch* v. *McNally,* 73 id., 347, distinguished.)

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury at the Delaware circuit, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried, and from an order denying a motion for a new trial, on the ground of newly discovered evidence.

This action was brought to recover damages for injuries suffered by the plaintiff in consequence of having been butted and knocked down by a ram belonging to the defendant.

*J. Delahunty*, for the appellant.

*Isaac H. Maynard*, for the respondent.

FOLLETT, J. :

It is alleged in the complaint that the defendant was the owner of a vicious and dangerous ram, accustomed to attack mankind, as the defendant well knew, which he negligently permitted to roam at large over his own and plaintiff's lands, and at the time of the injury complained of the ram was trespassing upon the plaintiff's land. The answer contains a general denial. The evidence clearly shows that the ram was not a trespasser. but had been borrowed by plaintiff's son and agent for use with plaintiff's ewes; nor was it shown that defendant had been accustomed to permit the ram to roam at large, or that his being at large in plaintiff's field was caused by the act or omission of the defendant, but, on the contrary, that the ram was at large in plaintiff's field, and had been for three or four weeks, at the request of the plaintiff's son and agent for the use of the plaintiff. On the occasion in question the ram was in the charge and subject to the control of the plaintiff and her agents.

Upon the trial evidence was given tending to show that the ram was and was not vicious; and also that the defendant had and had not notice of his viciousness. · Upon these issues the jury found for the plaintiff. The court was asked in various forms to charge, that if the plaintiff or her agents were guilty of negligence in the care of the ram, which contributed to the injury, the plaintiff could not recover. This was refused, the court holding that under *Miller* v. *McKesson* (73 N. Y., 195) and *Lynch* v. *McNally* (Id., 347), the

doctrine of contributory negligence was not applicable to the case. In this the court erred. In the cases cited the actions were for the recovery of damages for injuries inflicted by vicious dogs. In those cases the plaintiffs had no care or control of the dogs by which they were attacked, and owed no duty in respect to them. In the case at bar the ram was, and had been for three or four weeks, in the plaintiff's care, running at large with the plaintiff's ewes in the day time and kept with them in her barn in the night time.

The plaintiff, being a farmer, is presumed to have known that during the rutting season rams are inclined to be vicious. The ram was two years and five months old, had been reared as a cosset by defendant's family, and used for churning, and during its entire life had been kept in the yard adjoining the defendant's house, and most of the time tied. The farms of the parties adjoin, their buildings being about forty rods apart. The plaintiff's son and agent testified that he knew defendant was accustomed to keep the ram tied. The plaintiff had entire control of the ram, was at liberty to keep it where she chose, secured or unsecured. Under these circumstances the defendant was entitled to have the jury instructed that if they found the plaintiff was guilty of contributory negligence in permitting the ram to run at large or in going into the field where the ram was herding with ewes and calling the flock around her, and if the negligence caused or contributed to the injury, the plaintiff was not entitled to recover.

The court was also requested to charge "that if the plaintiff or her agents knew the sheep, or had reason to suppose or believe that it was vicious or would do injury to persons, and they failed to properly guard or confine it, suffered it to roam at large, and while so roaming at large the injury was done, this is contributory negligence on the part of the plaintiff or her agents and she cannot recover." The defendant was entitled to this instruction. The evidence shows that the plaintiff and her son had lived within forty rods of where this ram was kept during its entire life; had frequently seen it, knew that it was a cosset and knew the purpose for which it was kept, and knew that it was usually kept tied.

The conclusion reached renders it unnecessary to consider the merits of the appeal from the order denying a new trial upon newly discovered evidence, which falls with the judgment.

The judgment and orders are reversed and a new trial granted, costs to abide the event.

HARDIN, P. J., and KENNEDY, J., concurred.

Judgment and orders reversed and a new trial ordered, with costs to abide the event.